UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHARLES CORNELIUS,**

        **Plaintiff,**

v.                                         Case No: 6:21-mc-167-WWB-DCI

**ROLLINS RANCHES, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Quash Subpoenas and for Protective Order, or to Transfer Jurisdiction for the Motions to the Southern District of Florida (Doc. 1)** |
| **FILED:** | **December 10, 2021** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**. | |

Plaintiff initiated this miscellaneous case by filing with the Court a "Motion to Quash Subpoenas and for Protective Order, or to Transfer Jurisdiction for the Motions to the Southern District of Florida pursuant to Federal Rules of Civil Procedure 26 and 45." Doc. 1 (the Motion). Relevant to the Motion are three non-party subpoenas that Defendant caused the United States District Court for the Southern District of Florida (the Southern District) to issue to AT&T Mobility, Truist/SunTrust Bank, and Citibank/Home Depot (the Subpoenas) in relation to an action now pending in the Southern District.

For the reasons stated herein, the undersigned recommends that the Motion be transferred to the Southern District, i.e., the court that issued the subpoenas.

I. **Background**

In December 2020 in the Southern District, Plaintiff initiated the underlying case pursuant to the Fair Labor Standards Act claiming that Defendant failed to properly pay him overtime. *Cornelius v. Rollins Ranches, LLC*, Case no. 20-cv-14464-KAM (S.D. Fla.). Discovery litigation ensued in which the Southern District denied Defendant's motions to compel production of Plaintiff's cell phone, banking, credit card, and financial records. Doc. 1 at 3; *see* Case No. 20-cv-14464 at Doc. 28. Indeed, on June 15, 2021, the Southern District found that Defendant's requests were overbroad, sought irrelevant information, and were not proportional to the needs of the case. *Id*. at Doc. 28. Defendant filed another motion to compel, and on August 31, 2021, the Southern District found that the narrowed requests seeking Plaintiff's bank, phone, text, social media, and email records still appeared to be broad categories of personal records that are irrelevant and disproportionate to the needs of the case. *Id*. at Doc. 47. Nonetheless, the Southern District directed counsel to further confer and include in a joint discovery status report whether the pending dispute was resolved. *Id*. The parties then identified unresolved discovery disputes and the Southern District conducted a discovery status conference. On September 29, 2021, the magistrate judge in the Southern District entered an order denying Defendant's requests for emails, calls, and text messages as irrelevant and not proportionate to the needs of the case. *Id*. at Doc. 54. Most recently, on December 17, 2021, the district judge in the Southern District affirmed the magistrate judge's September 29, 2021, order finding that "[a]lthough 'reasonable minds could differ' as whether the records ought to have been turned over, 'the Court is not left with a definite and firm conviction that the Magistrate Judge has made a mistake." *Id*. at Doc. 95, citing *U.S. ex rel*.

*Ragghianti Foundations III, LLC v. Peter R. Brown Const.*, 2013 WL 5290108, at *4 (M.D. Fla. Sept. 19, 2013).

Despite the Southern District's rulings, in or about September 2021, Defendant caused the Southern District to issue—and then served—the Subpoenas, which directed the non-parties to produce certain documents, electronically stored information, or objects pertaining to Plaintiff's phone and financial activity. Docs. 1-2 to 1-4. The Subpoenas directed compliance to occur at the office of Defendant's lawyers in Orlando, Florida—this requirement that the non-parties produce the documents where Defendant's lawyers happen to have their office is the only apparent connection this case has to the Middle District. *Id*.

On December 10, 2021, Plaintiff filed the Motion in this Court.[1] Doc. 1. In the Motion, Plaintiff seeks to have this Court transfer the Motion to the Southern District for consideration. because that court is "better positioned to make decisions on relevancy and proportionality, particularly since the parties have been litigating the case for nearly a year in the Southern

---

[1] Plaintiff initially filed motions to quash the Subpoenas and for a protective order in the Southern District. On December 2, 2021, the Southern District denied those motions finding that it did not have jurisdiction to consider them. Case No. 2:20-14464 at Doc. 81. In a paperless omnibus order, the Southern District stated that, "Rule 45 dictates that a motion for protective order or to quash a subpoena be brought (and decided) in the district out of which the subpoena issued." The Southern District then stated that, "Here, the court with jurisdiction to consider Plaintiff's Motions is the United States District Court for the Middle District of Florida because the three Rule 45 subpoenas at issue require compliance in Orlando, Florida. . . . [The Southern District] plainly does not have the authority to rule on the instant Motions with respect to the three subpoenas." But the court that issued the Subpoenas is the *Southern* District. And—on this record—the only connection this action has to the Middle District is the fact that Defendant's lawyers required the non-parties to deliver the documents to those lawyers' office in Orlando. If Defendant's lawyers were permitted to manufacture jurisdiction in this way, then any party could pick their venue for discovery litigation simply by requiring a non-party to produce documents at a particular location. Of course, the subpoenaed non-parties could have filed a motion in the Middle District pursuant to Rule 45(d)(3), but they did not. Instead, Plaintiff filed in the Southern District—the court where the action is pending—and then filed in the Middle District after the Southern District's December 2, 2021 order. *But see* Fed.R.Civ.P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .").

District." Doc. 1 at 7. As the Southern District has already made substantive rulings on the "*exact kinds of records*" sought in the Subpoenas, Plaintiff argues that the transfer will avoid inconsistent rulings and Defendant is not burdened by that relief. *Id*. (emphasis in the original). In the alternative, if transfer does not occur, Plaintiff requests that the Court grant the request to quash the Subpoenas and issue a protective order. *Id*. at 8-11. In the Response, Defendant asserts that the request is untimely, Plaintiff lacks standing to challenge the adequacy of the Subpoenas, and there are no exceptional circumstances for transfer under Rule 45(f). Doc. 2.

Upon due consideration, the undersigned recommends transfer of the Motion to the Southern District.

## II. Discussion

Plaintiff argues that Defendant is attempting to end-run the Southern District's substantive rulings on discovery matters related to the information sought in the Subpoenas and the Court should transfer the Motion under Rule 45(f) to the Southern District where the underlying litigation is pending. Rule 45(f) provides:

> **(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

While Rule 45(f) does not define the term, according to the Advisory Committee notes, in determining whether "exceptional circumstances" exist:

> the court's prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on

> issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed.R.Civ.P. 45(f) Advisory Committee note (2013).

As a court in this District recently explained, "[a] district court 'should look to a variety of factors to determine if the judgment form the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as the implications the resolution of the motion will have on the underlying litigation.'" *Honeywell Int'l Inc. Narco Asbestos Pers. Injury Settlement Trust*, 2021 WL 6118078, at *1 (M.D. Fla. Dec. 27, 2021) (citing *The Dispatch Printing Co. v. Zuckerman*, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016)). "'These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by the issuing court in the underlying litigation.'" *Id*.

The undersigned recommends that exceptional circumstances exist to transfer the Motion under Rule 45(f). The Subpoenas seek Plaintiff's cell phone, banking, and credit card records, including documents concerning ATM transactions, in-person teller transactions, incoming and outgoing calls and text messages, and credit card activity. Docs. 1-2 to 1-4. As Plaintiff contends, this is the same type of information at issue in the discovery litigation that has taken place in the Southern District. And the Motion is based on arguments like those previously considered and ruled upon by the Southern District. For example, in the Motion, Plaintiff asserts that the subpoenas to AT&T and Truist/SunTrust—seeking cell phone and banking records—are unduly burdensome, and that a protective order is warranted because the personal information sought is irrelevant and overly broad. Doc. 1 at 9-10, 12-14. Also, Defendant's argument in response to the Motion regarding relevancy relies on the Southern District's order stating that "reasonable minds

could differ" regarding the production. Doc. 2 at 4. The overlap between the issues raised by the Motion and those already addressed by the Southern District is extensive. Indeed, the Southern District has repeatedly addressed the relevancy and burdensome nature of these requests, and it seems the issue should remain with that court. *See Honeywell*, 2021 WL 6118078, at *2 (finding that without transfer, there is a risk of conflicting rulings on the relevance of the subpoenaed documents).

In addition, the underlying case in the Southern District case has been pending for a year and has been heavily litigated. The discovery deadline has passed, there are pending motions for summary judgment, and the trial is in a few months. The undersigned, therefore, recommends that the duration and procedural posture weigh in favor of transferring the related motion. *See In re K.M.A. Sunbelt Trading Co.*, 2017 WL 2559790, at *2 (M.D. Fla. 2017) (considering the impending deadlines as well as the trial schedule and finding that transfer is warranted to "avoid disrupting the issuing court's management of the underlying litigation" and that exceptional circumstances exist in part where the issuing court had "intimate knowledge of the underlying litigation, parties, facts, and prior rulings"); *see also Parker Compound Bows, Inc. v. Hunter's Mfg. Co.*, 2015 WL 7308655, at *2 (N.D. Ohio Nov. 19, 2015) (where underlying litigation had been pending more than a year and the issuing court had "dealt with an array of discovery issues," the issuing court had "developed an understanding of the factual predicates implicated in [the] motion to quash.").

Finally, as the Advisory Committee Notes explain, the "prime concern" in deciding Rule 45(f) transfers is "avoiding burdens on local nonparties subject to subpoenas." Fed.R.Civ.P. 45(f) advisory committee note (2013). But there is nothing to demonstrate that the non-parties' have any interest in a local resolution of the matter, or that any such interest outweighs the issuing

court's familiarity with the issues, parties, prior orders, and interest in managing its case. Again, Plaintiff filed the Motion, and the only connection to the Middle District is the fact that Defendant's required the non-parties to send the documents here.

Based on the foregoing, the undersigned recommends exceptional circumstances exists to transfer the Motion to the Southern District.

### III.   Conclusion

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Quash and for Protective Order or Transfer Jurisdiction (Doc. 1) be **GRANTED in part** to the extent that the Clerk is directed to transfer the Motion (Doc. 1) to the United States District Court for the Southern District of Florida.

**RECOMMENDED** in Orlando, Florida on January 10, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE